IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| DON SCIOLI, ) | |
| ) | Case No. 12-10572 (CSS) |
| Debtor. ) | |
| ) | |

# OPINION[1]

FOX ROTHSCHILD LLP
L. John Bird
Seth A. Niederman
919 North Market Street, Suite 1300
Wilmington, DE 19801-3045

    -and –

Michael G. Menkowitz
Jason C. Manfrey
2000 Market Street, Twentieth Floor
Philadelphia, PA 19103-3222

Counsel for Alfred T. Giuliano,
Chapter 7 Trustee for the Estate of
Don Scioli

BILLION LAW
Mark M. Billion
2 Mill Road, Suite 202
Wilmington, DE 19806

Counsel for the Debtor

Dated: January 28, 2013
Sontchi, J._____

---

[1] This Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## INTRODUCTION

Before the Court is the Chapter 7 trustee's objection, pursuant to Fed. R. Bankr. P. 4003(b), to the debtor's exemption from the estate of three automobiles. Although the vehicles are titled solely in the individual debtor's name, the debtor argues that they are owned by him and his non-debtor wife as tenants by the entirety. As such, the debtor asserts that the automobiles are exempt under 11 U.S.C. § 522(b)(3)(B).

For the reasons set forth below, the Court finds that the automobiles in this case are held solely by the debtor. As a result, they may not be exempted under the tenants by the entirety exclusion and they are property of the estate.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Court has the judicial power to enter a final order.

## STATEMENT OF FACTS

The facts in this case are not in dispute. On February 19, 2012, the debtor filed an individual Chapter 7 bankruptcy case in this Court. The debtor is married and has been married at all relevant times. The debtor's wife has not filed bankruptcy and is not a debtor. The debtor owns three vehicles titled solely in his name: 2007 Jeep Wrangler, a 2000 Porsche 911, and a 2007 Cadillac Escalade (collectively referred to herein as the

"Vehicles").² On Schedule B, the debtor lists the Vehicles as assets that are jointly held with his spouse. On Schedule C, the debtor listed the Vehicles as exempt under 11 U.S.C. § 522(b)(3)(B).

The Chapter 7 trustee filed a timely objection to the debtor's claimed exemption of the vehicles, arguing that the tenants in the entirety exemption is not available because (1) the Vehicles are titled solely in the debtor's name, and (2) the Vehicles were not paid for by a joint checking account held by the debtor and his wife as tenants by the entirety. In support of his position, the trustee has submitted into evidence the following:

(1) Titles to the Vehicles, each bearing the debtor's name as the sole owner;

(2) Copies of two months of bank statements from a business checking account titled in the name of "RED5 Media, LTD," a business in which the debtor is a 66.33% owner. The checking account statements show three payments made to TD Auto Finance for the debtor's 2007 Jeep Wrangler; and

(3) Excerpts from the transcript of the debtor's section 341 meeting of creditors in which the debtor testified that he "[has] no personal bank accounts," that two to three years prior to the bankruptcy filing, he had a personal bank account that "may have be[en] in joint names but [he] believe[d] it was in [his

---

² The debtor also owned a 2005 Montery 299 SC boat titled solely in his name. The boat was sold to a third party pre-petition, and the Debtor has testified that there were no proceeds, in excess of any liens, paid to him. The debtor is not seeking to exempt the boat nor its proceeds. As such, no issue relating to the boat is before the Court and nothing herein shall be construed as a ruling on the exemption of the boat or proceeds thereof, if any.

3

own name]" and that his bills were paid "mainly" out of a business checking account.³

The debtor, on the other hand, contends that the Vehicles are held as tenants by the entirety and that the trustee has not met his burden of proof in rebutting the *prima facie* validity of the debtor's claimed exemptions. In support of his position, the debtor argues, that (1) the name on the title is not the ultimate determinate as to whether property is held by the entirety, and (2) the Vehicles were purchased during the marriage with marital funds and are, therefore, property held in the entirety. The debtor has not submitted any evidence to the Court in support of his position.

A hearing was held on this matter on November 14, 2012. No additional evidence was submitted at the hearing. The matter is ripe for decision.

## DISCUSSION

### A.  Burden of Proof

Bankruptcy Rule 4003(c) provides: "In any hearing [on an objection to a claim of exemptions], the objecting party has the burden of proving that the exemptions are not properly claimed."⁴ "Such burden may be met by a preponderance of the evidence."⁵ Courts have uniformly held that Rule 4003(c) operates under a "burden shifting"

---

³ The debtor has objected to the introduction of the transcript of the section 341 meeting of creditors as evidence on the basis that the transcript is hearsay. There is no merit to this objection, as the testimony was made by the Debtor under oath and is an admission of a party opponent. Fed. R. Evid. 801.

⁴ Fed. R. Bankr. P. 4003.

⁵ *In re Kicenuik*, No. 12-17802, 2012 Bankr. LEXIS 4616, at *6 (Bankr. D. N.J. 2012) (*citing In re LeClair*, 461 B.R. 86, 90 (Bankr. D. Mass. 2011)).

4

framework.[6] "'A claimed exemption is presumptively valid… If the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper.'"[7]

### B. 11 U.S.C. § 522(b)(3)(B) Exemptions

Under 11 U.S.C. § 522(b)(3)(B), an individual debtor may exempt from property of the estate any "interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest as a tenant by entirety . . . is exempt from process under applicable nonbankrutpcy law."[8] In the absence of any controlling federal law, interests in property are determined by state law.[9] In this case, Delaware law exists and is controlling.

In Delaware, property held as tenants by the entirety is exempt from process of a single spouse's creditors.[10] A tenancy by the entirety "is created between a husband and a wife and by which together they hold title to the whole with right of survivorship

---

[6] *In re Coolbaugh*, 250 B.R. 162 n. 9 (Bankr. W.D. N.Y. 2000) (*citing In re Lester*, 141 B.R. 157 (Bankr. S.D. Ohio 1991)); *In re Gregory*, 245 B.R. 171 (10th BAP 2000)).

[7] *Kicenuik*, *supra.* at *7 (*citing Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999)).

[8] 11 U.S.C. § 522(b)(3)(B).

[9] *Barnhill v. Johnson*, 503 U.S. 393, 398, 118 L. Ed. 2d 39, 112 S. Ct. 1386 (1992); *See also Butner v. United States*, 440 U.S. 48, 55, 59 L. Ed. 2d 136, 142, 99 S. Ct. 914, 918 (1979) ("Property interest are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interest should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.")

[10] *Law Office of Staats, P.A. v. Kelly (In re Kelly)*, 316 B.R. 629, 632 (D.Del. 2004); *Dryden v. Estate of Gallucio*, No. 442-N, 2007 Del. Ch. LEXIS 9, at *16 (Del. Ch. 2007); *Mitchell v. Wilmington Trust Co.*, 449 A.2d 1055, 1058 (Del. Ch. 1982), *aff'd* 461 A.2d 696 (Del. 1983).

so that, upon death of either, [the] other takes [the] whole… Neither party can alienate or encumber the property without the consent of the other."[11]  In order to create a tenancy by the entirety certain characteristics must be present, namely: (i) unity of time, title, interest and possession, and (ii) the relationship of husband and wife at the time of its creation.[12]  Delaware law further states that "a tenancy by the entirety is recognized in both real and personal property."[13]  "Since real property is invariably titled through a deed, the determination of whether it is held as tenants by the entiret[y] is a simple matter of referring to the deed."[14]  However, the determination of whether *personal property* is held in the entirety is not as simple.[15]

The intent of the parties is always the key in determining the form of possession for personal property.[16]  Thus, this Court must apply the controlling legal standard in light of the parties' intent.  In making the decision in this case, it is beneficial to examine several scenarios in which Delaware courts have held that the *intent to hold personal property as tenants by the entirety is presumed*.

> **1. Household goods and furnishings in the joint possession and use of a husband and wife are presumptively intended to be held as tenants by the entirety.**

In *DuPont v. DuPont*, the Delaware Chancery Court addressed the issue of designated title to household goods and furnishings in the context of an action for

---

[11] *IRS v. Gaster*, 42 F.3d 787, 791 n. 2 (3rd Cir. 1994) (*citing* Black's Law Dictionary 1022 (6th ed. 1990)).

[12] *Rigby v. Rigby*, 32 Del. Ch. 381, 383 (Del. Ch. 1952).

[13] *Gayl v. Shader* (*In re Shader*), 90 B.R. 85, 87 (Bankr. D. Del. 1988) (citations omitted).

[14] *Id.*

[15] *Id.*

[16] *See Gaster*, 42 F.3d at 792; *Widder v. Leeds*, 317 A.2d 32 (Del. Ch. 1974); *Shader,* 90 B.R. at 86-88.

separate maintenance.[17] The property at issue included linens, furniture, household appliances, rugs and silverware that, until the parties separated, were in their joint possession and use. The Court ultimately found that the property was presumptively held as tenants by the entirety.[18] In so holding, Chancellor Seitz explained: "household goods and furnishings, even though contributed or paid for by the husband, are presumptively held jointly – by the entireties – when such property is in their joint possession and use. [U]nder present day conditions, there is no longer any compelling reason to conclude that property so intimately associated with the marriage relationship should be considered as presumptively belonging to either one."[19] Moreover, while the fact that the husband "paid for or contributed the articles in question is a fact to consider in determining whether or not the presumption has been rebutted. To give it greater weight is to unwarrantably emphasize the husband's monetary contribution to the marriage relationship at the expense of equally substantial and often more varied contributions of the wife."[20]

Similarly, in *In re Shader*, this Court addressed the issue of title to household goods and furnishings in the context of a fraudulent transfer action brought by the Chapter 7 trustee in the debtor husband's individual bankruptcy case.[21] The trustee in that case alleged that the debtor had fraudulently transferred certain real and personal

---

[17] *DuPont v. DuPont*, 33 Del. Ch. 571 (Del. Ch. 1953).

[18] *Id.*

[19] *Id.* at 576.

[20] *Id.* at 576-77.

[21] *Shader, supra*.

property that he had owned individually to himself and his wife as tenants by the entirety in order to exempt these interests in his bankruptcy case. The personal property at issue included a dining room fireplace screen and set, a living room fireplace screen and set, two oriental rugs, a large breakfront and four art objects. The Bankruptcy Court found, relying on *DuPont v. DuPont*, that everything but the four art objects were entireties property. In so ruling, Judge Balick focused on the lack of unity of time, title and interest in connection with the art objects as they were purchased prior to the marriage.[22]

### 2. Personal property titled in the names of both a husband and wife is presumptively intended to be held as tenants by the entirety.

In *William M. Young Co. v. Tri-Mar Assocs.*, the Superior Court of Delaware addressed the issue of title to an automobile in the context of an action for the issuance of a writ of execution brought by a judgment creditor.[23] Specifically, the judgment creditor sought to execute upon a vehicle titled in the names of Angelo Pantuliano and/or Sara A. Pantuliano, husband and wife, while his judgment was only against the husband. A hearing was held, and testimony revealed that "the husband and wife considered themselves co-owners" of the vehicle.[24] It was also noted by the court that "the and/or designation in the title is generally not chosen specifically by the

---

[22] *Shader*, 90 B.R. at 87-88.

[23] *William M. Young Co. v. Tri-Mar Assocs.*, 362 A.2d 214 (Del. Super. Ct. 1976).

[24] *Id.* at 215.

purchasers but is the standard designation of the Department of Motor Vehicles."[25] Judge Stiftel ultimately found that the automobile was entireties property. In so holding, the court explained that "the primary evidence to be considered remains the intent of the spouses as to form of ownership."[26] He went on to say, "the prevailing law in Delaware stands for the principle that all personal property purchased and used by the husband and wife is presumed to be held by the entireties" and that "the assumption is not rebutted solely by the [the disjunctive] language 'husband and/or wife' in the certificate of title."[27]

In *Hoyle v. Hoyle*, the Chancery Court addressed the issue of title to a bank account in the context of an action for separate maintenance.[28] The Court held that a bank account titled in the names of both a husband and wife, though in such a form as to permit either party to withdraw money, was presumptively intended to be held as tenants by the entirety.[29] Likewise, in *IRS v. Gaster*, the Third Circuit held that, under Delaware law, a joint bank account, though in such form as to permit either husband or wife to draw, is a tenancy by the entirety in the absence of evidence to the contrary.[30] In so ruling, the Third Circuit noted that "[property] held by husband and wife in

---

[25] *Id.* at 216 n. 2.

[26] *Id.* at 216.

[27] *Id. See also Fischer v. Fischer*, 864 A.2d 98, 105 (Del. Ch. 2005) (holding that "the presence of both husband and wife on the title [of a vehicle, despite any disjunctive language] is sufficient to create a presumption that the vehicle is held by the entireties"); and *Arnett v. Hanby*, 262 A.2d 659 (Del. Super. Ct. 1970).

[28] *Hoyle v. Hoyle*, 31 Del. Ch. 64 (Del. Ch. 1949).

[29] *Id.*

[30] *Gaster*, 42 F.3d at 792.

Delaware and the majority of other jurisdictions as well is presumptively held by the entiret[y]."[31]

### 3. Direct derivatives of property held as tenants by the entirety is presumptively intended to remain property held by the entirety, even if taken in the name of one spouse alone.

In *Rigby v. Rigby*, the Chancery Court addressed the issue of title to a herd of cattle in the context of an action for separate maintenance.[32] Prior to their separation, the husband had filed an individual Chapter 7 bankruptcy and listed the herd as his own personal property. Within the bankruptcy case, the trustee sold the herd to the debtor's sister. In the subsequent action for separate maintenance, the wife claimed that the herd had been held in the entirety and that, therefore, she was entitled to an accounting. The Court concluded that the herd was not held by the husband and wife in the entirety. In so holding, the Chancery Court "indicated by way of *dicta* that if it could be shown that personal property had been purchased with funds from a bank account held by a husband and wife by the [entirety], the property purchased might also be held by the [entirety.]"[33] In other words, if the personal property in question was a "directly derivative" of entirety property, it might also be held by the entirety. Based upon a lack of evidence that the cattle were purchased from entirety property the Court ruled in favor of the husband.[34]

---

[31] *Id.* at 792 n. 4.

[32] *Rigby,* 32 Del. Ch. at 384-85.

[33] *Widder,* 317 A.2d at 35 (Del. Ch. 1974).

[34] *Rigby*, 32 Del. Ch. at 384-85.

The Delaware Supreme Court's decision in *Moser v. Moser*, confirmed the *dicta* found in *Rigby v. Rigby* relating to the direct derivatives theory of property held in the entirety. In *Moser v. Moser*,[35] the court addressed the issue of title to shares of stock in the context of an action for separate maintenance. The stock was titled in the husband's name alone but was purchased from a checking account held by the husband and wife as tenants in the entirety. The court ultimately held that the wife had an individual one-half interest in the stock. In so holding, Justice Wolcott explained that "[w]hen property is acquired by the use of joint funds, but title is taken in the name of one spouse alone, the property nevertheless will remain the joint property of the spouses."[36]

In *Widder v. Leeds*, the Chancery Court followed the principles set forth in both *Rigby v. Rigby* and *Moser v. Moser*. In *Widder v. Leeds*, the court addressed the issue of title to a limited partnership interest in the context of a motion to vacate an order of sequestration of said interest.[37] Specifically, the Chancery Court had entered a sequestration order against the defendant's limited partnership interest for the purpose of compelling the defendant to appear and answer a complaint filed against him in the Chancery Court. In seeking to have the order vacated, the defendant argued that the

---

[35] *Moser v. Moser*, 287 A.2d 398 (Del. 1972).

[36] *Id.* at 400 (citations omitted); *See also Gaster*, 42 F.3d at 792 n. 4 (stating in *dicta*, "[i]n Delaware proceeds of property held by a husband and wife as tenants by the entireties will continue to be held as tenants by the entireties absent clear evidence of a contrary intent."); *Widder*, 317 A.2d at 35 ("direct derivatives of entireties property *prima facie* remain entireties property, even if taken in the name of one spouse alone"); *Wilmington Savings Fund Society, FSB v. Kaczmarczyk*, No. 1769-N, 2007 Del. Ch. LEXIS 33, at *42 (Del. Ch. 2007).

[37] *Widder*, 317 A.2d 32.

beneficial or equitable interest in the partnership was owned by both him and his wife as tenants by the entirety.[38]

The court ultimately held that the limited partnership interest was not held as tenants by the entirety. In so holding, the court explained that the defendant's position "suffer[ed] from a crack in its foundation."[39] The court went on to say that there is a presumed intention that funds obtained and deposited in a joint bank account by a husband and wife are held as tenants by the entirety, "[s]uch a presumption can, of course, fade in the presence of factors which belie such an intention."[40] The Court then held that despite the fact that the funds to purchase the interests had been obtained through a loan signed by both husband and wife, the property was solely that of the husband because the interest had stood solely in his name for five year and "we are dealing with an interest in a limited partnership, … [which] in order… to be formed, a certificate must be recorded in the Recorder's office in every county wherein the firm has a separate place of business, and this certificate must contain, among other things, 'the name and residence of each partner.' Such a certificate, along with two amendments, has been recorded … showing only [husband and not wife], as a limited partner."[41]

---

[38] *Id.* at 34.

[39] *Id.* at 36.

[40] *Id.*

[41] *Id.* at 36-37.

### 4. Conclusion

The cases described above provide several guide posts for determining whether personal property is held in the entireties. First and foremost, property held by husband and wife is presumed to be held as tenants in the entirety. Second, the intent to create property held in the entirety must be measured at the time of the acquisition of the property at issue. Third, property paid for by funds held in the entirety is also held in the entirety. Fourth, while the designation of ownership on a legal document, such as an automobile title, is not dispositive it is strong evidence as to the nature of the ownership interest. Fifth, the strength of the presumption that property is held in the entirety is directly related to the extent the property is "intimately associated" with the marriage. Linens, furniture and household furnishings are strongly presumed to be held in the entirety while the presumption, for example, with commercial property such as cattle and limited partnership interests is more easily rebutted.

### C. The Vehicles are not held by the Debtor and his wife as tenants by the entirety and, therefore, are not be exempt.

Under Delaware law, the Vehicles are presumed to be held by the debtor and his wife as tenants in the entirety. In addition, under bankruptcy law, the exemption of the Vehicles is presumed to be valid. Thus, under the controlling state *and* federal law, the burdens are the same. The trustee must produce sufficient evidence to rebut the presumptively valid exemptions claimed by the debtor. Then, if the presumption is

13

rebutted the debtor must produce unequivocal evidence that the exemptions are proper.[42]

### 1. The trustee has met his initial burden of producing sufficient evidence to rebut the presumptively valid exemptions.

The trustee's initial burden here is to produce sufficient evidence to rebut the presumptively valid exemption claimed by the debtor. The exemption claimed under section 522(b)(3)(B) requires that (1) the asset have been held by the debtor as a tenant by the entirety before the commencement of the case, and (2) the tenancy by entirety interest is exempt from process under applicable non-bankruptcy law. While there is no dispute here that under Delaware law a tenancy by the entirety interest is exempt from process of a single spouse's creditors, there is a question as to whether the Vehicles are, in fact, held by the debtor and his wife as tenants in the entirety.

The court finds that the trustee has met his initial burden. The intent of the parties is the key in determining the form of possession for personal property.[43] As a starting point, the presumption that the Vehicles are held in the entirety is not overwhelming. The property at issue is not intimately associated with the marriage as would be the case with household furnishings. At the same time we are not dealing with commercial property. Although there is no direct evidence on this point, it is common sense that one or more of the Vehicles was used and continues to be used by the wife.

---

[42] *Kicenuik, supra.* at *6.

[43] *See*, e.g., *William M. Young Co.*, 362 A.2d at 215; *Gaster*, 42 F.3d at 792; *Widder*, 317 A.2d at 35; and *Shader*, 90 B.R. 85 at 86-88.

14

Here, as in *Rigby* and *Widder*, inquiry as to the title of the property in question is instructive. In *Rigby*, the court, in determining the ownership interest of the herd of cattle, found relevant the fact that "[t]here [was] nothing in the record to show that title to any of this property was obtained by any instrument under which title was given to the parties as tenants by the entiret[y]."[44] Likewise, in *Widder*, the court found relevant the fact that "the interest [in the limited partnership] [had] been allowed to stand of record in the name of [husband] alone for some five years…"[45] Here, it is undisputed that the titles to the Vehicles each bear the debtor's name as the sole owner. This is strong, but not dispositive evidence that the vehicles are solely the debtor's property.

Additionally, the trustee has submitted evidence showing that the Vehicles were *not* purchased with funds held by the debtor and his wife as tenants by the entirety. Under the direct derivative rule, the direct derivative of property held in the entirety remains property in the entirety, even if taken in the name of one spouse alone. Here, the evidence submitted by the trustee raises doubt that the funds used to purchase the Vehicles were held *jointly*, let alone by the entirety. This conclusion is supported by the business checking account statements, held in the name of a business in which the debtor is a 66.33% owner, showing three payments made to TD Auto Finance on account of the 2007 Jeep Wrangler. Furthermore, the debtor's testimony at the section 341 meeting of creditors was that he has not had any personal bank accounts within the last few years and that his bills are paid out of a business checking account.

---

[44] *Rigby*, 32 Del. Ch. at 384.

[45] *Widder*, 317 A.2d at 36.

As a result, the Court finds that the trustee has met his initial burden under Bankruptcy Rule 4003(c) and Delaware law, of rebutting the presumed validity of the debtor's claimed exemption of the vehicles.

### 2. The debtor has not come forward with unequivocal evidence to demonstrate that the exemptions are proper.

If the objecting party can produce sufficient evidence to rebut the presumed validity of the exemptions, the burden then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemptions are proper. Here, the debtor has not come forward with *any* evidence to demonstrate that the exemptions are proper. The debtor has argued that the Vehicles were purchased during the marriage with marital funds, however, as established by *Moser* and *Kaczmarczyk*, the direct derivative theory applies only when there is conclusive evidence that the property in question was purchased with funds held by a husband and wife as tenants by the entirety.[46] In this case, it is not that there is an *absence* of evidence supporting a finding that the Vehicles were purchased with property held in the entirety. The evidence is *directly to the contrary*. In addition, the debtor has not provided copies of any checks, bank statements, etc. to show that the Vehicles were purchased with funds held by him and his wife as tenants by the entirety.

---

[46] *See Moser*, *supra.* at 400 (the funds used to purchase the stock in question were undoubtedly held by the husband and wife as tenants in the entirety); and *Kaczmarczyk*, *supra*, at *43 (the boat which was sold and produced the proceeds in question was also undoubtedly held by the husband and wife as tenants by the entirety).

As a result, the Court finds that the debtor has not come forward with any, let alone unequivocal evidence to demonstrate that the Vehicles are held as tenants in the entirety. Thus, the exemption of the Vehicles is improper.

## CONCLUSION

The trustee rebutted the presumption under bankruptcy and Delaware law that the Vehicles are held by the debtor husband and non-debtor wife as tenants in the entirety. Moreover, the debtor has provided no evidence otherwise. Thus, as the vehicles are solely the property of the debtor, his claimed exemption of the Vehicles under 11 U.S.C. § 522(b)(3)(B) is improper. Thus, the Court sustains the trustee's objection to the exemption of the Vehicles. An order will be issued.